IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RAINEE J. BROWN,

        Plaintiff,

        vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

Civil No. 10-CV-1119-HZ

OPINION & ORDER

Laurie B. Mapes
33465 SW Maple Street
PO Box 1241
Scappoose, OR 97056-1241

        Attorney for Plaintiff

Adrian L. Brown
U.S. ATTORNEY'S OFFICE
DISTRICT OF OREGON
1000 S.W. Third Ave., Suite 600
Portland, OR 97204

PAGE 1 - OPINION AND ORDER

L. Jamala Edwards
SOCIAL SECURITY ADMINISTRATION
OFFICE OF THE GENERAL COUNSEL
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104

    Attorneys for Defendant

HERNANDEZ, District Judge:

    Now before me is an unopposed motion for attorney fees (doc. #23) filed by Rainee J. Brown ("Plaintiff"). Plaintiff's motion seeks an award under the Social Security Act, 42 U.S.C. § 406(b), for attorney fees in the sum of $9,576–which is 25% of Plaintiff's Notice of Award from the Social Security Administration–less the fee of $7,490 already awarded by this Court under Plaintiff's prior unopposed application for fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), filed on November 21, 2011.

## BACKGROUND

    On September 2, 2011, I entered judgment in favor of Plaintiff, reversing and remanding the decision of the Social Security Commissioner (the "Commissioner") pursuant to sentence four of 42 U.S.C. § 405(g) for the immediate calculation and award of benefits. Noted above, Plaintiff filed an unopposed application for fees pursuant to EAJA on November 21, 2011. On April 26, 2012, Plaintiff filed this unopposed motion for attorney fees pursuant to 42 U.S.C. § 406(b).

## STANDARD

    42 U.S.C. § 406 provides, in pertinent part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such

PAGE 2 - OPINION AND ORDER

representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).

## DISCUSSION

In Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002), the United States Supreme Court ("Supreme Court") recognized that courts "have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved" by "looking first to the contingent-fee agreement, then testing it for reasonableness". Turning first to the contingent-fee agreement between Plaintiff and her attorney, Laurie B. Mapes ("Mapes"), I conclude its terms are within the statutory limits of 42 U.S.C. § 406. See Mot. for Att'y Fees, Ex. B, p. 1. Turning next to whether the award of fees sought here is reasonable, I conclude they are. Noted above, I granted Mapes's unopposed application for fees pursuant to EAJA on November 21, 2011, concluding that Mapes' was entitled to the sum of $7,490 for 64.9 hours expended. Based on the 64.9 hours Mapes expended on this case and her total fee request of $9,576, her hourly rate is $147.55. Nothing in the record indicates Mapes' hour fee here is unreasonable or that the total sum of her attorney fees under the circumstances here are unreasonable.

/ / /

/ / /

PAGE 3 - OPINION AND ORDER

## CONCLUSION

For the foregoing reasons, Plaintiff's unopposed motion for attorney fees pursuant to 42 U.S.C. § 406(b) (doc. #23) is GRANTED.  Accordingly, Plaintiff's counsel is to be awarded $9,576, less the EAJA attorney fee of $7,490, for a net award of $2,086 to be paid from Plaintiff's past-due benefits.

IT IS SO ORDERED.

Dated this  9th  day of May, 2012.

/s/ Marco A. Hernandez
MARCO A. HERNANDEZ
United States District Judge